RICHARD MAC BRIDE, SB# 199695
LAW OFFICES OF RICHARD A. MAC BRIDE
865 Marina Bay Parkway, Suite 43
RICHMOND, CA 94804
Phone 415-730-6289
Fax 510-439-2786
Attorney for Plaintiff Emmanuel Tril




UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emmanuel Tril,<br><br>Plaintiff,<br><br>Vs.<br><br>Laney College, the Peralta Community College District, and Does 1 to 50 inclusive,<br><br>Defendants. | Case Number C 13 C 13 1464 LB<br><br>CIVIL RIGHTS<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON, IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AS AMENDED, AND VIOLATION OF CALIFORNIA'S CIVIL RIGHTS STATUTES; DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; VIOLATION OF REHAB ACT OF 1973, SECTION 504; CALIFORNIA GOVERNMENT CODE 11135 AND 4450 ET SEQ AND CALIFORNIA CIVIL CODE 51, 52, 54, AND 54.1; AND RELATED CODES AN REGULATIONS<br><br>JURY TRIAL REQUESTED |

Plaintiff herein complains of defendants herein, and alleges as follows:

## JURISDICTION AND VENUE; PARTIES

1. JURISDICTION: This court has jurisdiction over this matter pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990 (42 USC §12101 et seq.)("ADA") and under 28 USC §1343(3) for claims arising under §504 of the Rehabilitation Act of 1973. Pursuant to pendant and supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also bought under California law, including, but not limited to,

violations of California Government Code §4450 et seq. and §11135 et seq.; and applicable regulations, including but not limited to California Code of Regulations, Title 24-2, and California Civil Code §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.3, and 55.

2. VENUE: Venue is proper in this court pursuant to 28 USC §1391(b) and is founded on the fact that the real property that is the subject of this action is located in this district, and that plaintiff's cause of action arose in this district.

3. PARTIES AND GOVERNMENT CLAIM: Plaintiff is and at all times relevant to this complaint was a "physically disabled person" and a "person with disabilities" as these terms are used under California law and under federal laws, including but not limited to §504 of the Rehabilitation Act and Title II of the ADA. (The terms "physically disabled person" and "person with disabilities" will be used interchangeably.)

4. Defendant Peralta Community College District ("Peralta") and Defendants Does 1 to 5 are public entities subject to Title II of the ADA, the Rehabilitation Act of 1973, and to all other legal requirements referred to in this complaint. Defendant Does 6-10 are employees and/or agents of Peralta. On information and belief, all such Doe Defendants wrongfully discriminated against Plaintiff on the basis of his disability as part of a joint venture and common enterprise with the named defendants.

5. Plaintiff does not know the identities of Does 1 to 10 at this time and prays leave to substitute the true names of such defendants when they have been ascertained. Plaintiff does not know the relative responsibilities of Defendant and Does 1 to 5 in the ownership and operation of the facilities herein complained of, and alleges a joint venture and common enterprise by Defendant and Does 1 to 5 in the ownership and operation of each such facility. On information and belief, Plaintiff also alleges that each such defendant was and is an owner and operator, lessor and lessee of the public facilities complained about herein.

6. GOVERNMENT CLAIM FILED: On or about January 30, 3013, plaintiff made a timely public entity claim to the Peralta, which claim was denied by operation of law 45 days later.

## SUMMARY

7. Emmanuel Tril is a continuing student of Laney College (the "Business"), a community college, where he has taken classes in 2012 and plans to continue taking classes in the future.

The Business is located at 900 Fallon Street, Oakland, California. Said business is owned and operated by defendant Peralta. Plaintiff is a disabled person, with limited use of his legs and arms who uses a wheelchair. Peralta has denied Plaintiff his rights to full and equal access to the public facility and educational programs, services, and activities offered by Defendants to the general public at the Business as required under federal and state law, including California Government Code §§4450 et seq., Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, California Civil Code §§54 and 54.1, and California Code of Regulations Title 24, on each occasion he has made use or attempted to make use of the facilities, and continuing to the present, and, on information and belief, continuing after the filing of this Complaint, by failing to provide "full and equal" access in the following respects:

a. The Theatre Building elevator for disabled persons did not work on numerous occasions, including but not limited to November 5, 2012, causing Plaintiff personal embarrassment and loss of class time.

b. The designated handicapped access doors to the Theatre Building were blocked by a large metal garbage container (shipping container) used to store recycled electronic devices. This blockage has been present from at least November 5, 2012 continuously to the filing of this Complaint. This blocks Plaintiff's access to said doors. The official notification given pursuant to the Government Claims Act did not lead to a remedy of this blockage.

c. The elevator in Building G did not work on November 5, 2012, and on other occasions, thus restricting Plaintiff's access to this area of the campus and requiring him to take a longer and more roundabout route to access this portion of the Business' facilities.

d. The handicap access doors to the Student Center were locked and did not function on January 26, 2013, and on other occasions, thus denying Plaintiff equal access to this facility ,which was open at those times for the use of non-handicapped persons through other doors not equipped for handicapped access.

8. The above barriers interfered with Plaintiff's access to the facilities at the Business, and continue to deter plaintiff from visiting said facilities, and as a legal result, plaintiff has suffered and suffers violations of his civil rights to full and equal enjoyment of goods, services, facilities and privileges, and has suffered and will suffer embarrassment and humiliation.

FACTUAL BASIS FOR COMPLAINT

9. Plaintiff is, and at all times relevant to this complaint is, a "physically handicapped person," a "physically disabled person," and a "person with a disability" as those terms are used under applicable California law and under applicable federal law, including, but not limited to, Title II of the Americans with Disabilities Act of 1990. (The terms "physically handicapped person," a "physically disabled person," and a "person with a disability".will be used interchangeably throughout this complaint.) Plaintiff is severely limited in the use of his legs.

10. Defendant Peralta, at all times relevant herein, was and is the owner, operator, lessor, and/or lessee, franchisor and/or franchisee, of public facilities at the Business, known as Laney College, a community college located at 900 Fallon Street, Oakland, California, subject to California state law requiring full and equal access to private and public facilities pursuant to California Civil Code §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.3, and 55, and subject to Title II of the Americans with Disabilities Act of 1990, and to all the other legal requirements referred to in this Complaint. Plaintiff does not know the relative responsibilities of the defendants in the operation of the Business facilities complained of herein, and alleges a joint venture and common enterprise by all such defendants.

11. Defendant Peralta at all times relevant herein was and is owner, operator, possessor, builder and keeper of the Business called Laney College in the city of Oakland, California. Plaintiff is informed and believes that each of the defendants herein is the agent, employee, or representative of each of the other defendants, and performed acts and omissions as stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in legally causing the damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

12. Plaintiff does not know the true names and capacities of defendants Does 1 to 50, their business capacities, their ownership connection to the property and the business, nor their relative responsibilities or relationships among one another in causing the access violations herein complained of, and alleges a joint venture and common enterprise among all defendants. Plaintiff is informed and believes that each of the defendants herein is the agent,

ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants are ascertained.

13. Plaintiff is informed and believes that all named defendants, conspired to commit the acts described herein, or alternatively aided and abetted one another in the performance of the wrongful acts hereinafter complained of.

14. Defendants are the owners of the property and operators of the Business called Laney College located in the city of Oakland, California. This business, including, but not limited to, access aisles and access routes, is or forms a part of an "accommodation or facility" subject to the requirements of *California Civil Code* §§51, 51(f), 52(a), 54, 54.1, et seq. On information and belief, this business, or portions of it, was constructed or altered after 1990, and after January 26, 1993, which fact has subjected the business to handicapped access requirements per Code of Regulations Title 24 (the State Building Code).

15. On November 5, 2012 and January 26, 2013 (the "Visit Dates"), and other occasions, Plaintiff visited the Business for the purpose of attending his classes or attending to other student business there. Defendants interfered with Plaintiff's access to the Business as set forth herein under Paragraph 7 above.

16. Said acts and omissions denied Plaintiff legal handicapped access to the Business and its facilities as required under state and federal law.

17. Plaintiff's home in Oakland, California is approximately six miles from the Business located in the city of Oakland. Plaintiff travels regularly to said Business for classes. Plaintiff plans to return to classes at the Business.

18. Plaintiff himself encountered the architectural and physical barriers described herein, and/or is informed and believes that the architectural and physical barriers described herein violate the California Code of Regulations and the Americans with Disabilities Act Guidelines for

Buildings and Facilities ("ADAAG") issued by the Department of Justice, and that they existed and continue to exist, and thereby deny Plaintiff and others similarly situated full and equal access to the Business facilities as set forth herein.

19. Defendants, and each of them, by these barriers, discriminated against Plaintiff, on the basis of his physical disability, and interfered with his access to the Business and its facilities, in violation of California law, including but not limited to §§51, 51(f), 51.5, 54, 54.1, and in violation of Title II, the "Prohibition against Discrimination" provision of the Americans with Disabilities Act of 1990.

20. As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide proper and accessible facilities, Plaintiff suffered and will suffer the loss of his civil rights to full and equal access to public facilities, and further has suffered in the past and will suffer in the future emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a disability being denied access to a public accommodation, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 USC 12101 et seq.)

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 20 above and incorporates them herein as if separately pled.

22. Pursuant to law, in 1990 the United States congress made findings per 42 USC 12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect [at that time] 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency such individuals; [and that] the continuing existence of unfair and

unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

23. Congress stated as its purpose in passing the Americans With Disabilities Act of 1990 (42 USC 12102):

    a. It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

24. As part of the Americans with Disabilities Act of 1990, Congress approved Title II, subpart A, which prohibits discrimination by any public entity as defined in 42 USC 12131.

25. Pursuant to 42 USC 12132,

    a. "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the services, programs, or activities of a public entity or be subject to discrimination by such entity. Plaintiff was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

26. In violation of Title II of the ADA, defendants have failed to ensure that individuals with physical disabilities such as plaintiff are not excluded from the services, programs, or activities at the Business and its facilities. By reason of defendants' failure to remove architectural barriers, or to remedy procedural barriers (such as malfunctioning equipment) or to remove obstacles (such as garbage bins), despite actual notice of the conditions, Defendants have intentionally discriminated against Plaintiff in violation of Title II of the ADA, subpart A, 42USC 12131 and related regulations. Under 42 USC 12132, §202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs, and activities" of a public entity, or be subject to discrimination by such entity. Plaintiff was at all times relevant herein a qualified individual with a disability under the ADA.

27. As a result of such intentional discrimination, in violation of Section 202 of the ADA, Plaintiff has been excluded from the "services, programs, and activities," and is therefore entitled to the remedies, procedures, and rights set forth in Section 505 of the Rehabilitation Act of 1973 (29 USC 794a) as provided under Section 203 of the ADA.

28. On information and belief, to the date of the filing of this Complaint, Defendant have failed to make the Business facilities fully accessible and usable by handicapped persons under the law, as set out herein.

29. Plaintiff requests an injunction requiring that Defendant make all Business facilities accessible to disabled persons in compliance with the law, including architectural aspects, program (administration) aspects, and with respect to non-architectural obstacles that violate the access law.

30. Plaintiff requests an award of appropriate damages, and of litigation expenses, costs, and reasonable attorney's fees as provided by law.

31. WHEREFORE, Plaintiff prays that the Court grant relief as set out herein.

32. Pursuant to the Americans with Disabilities Act of 1990 §308(a)(1) (now 42 USC §12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation for the purpose of education. Therefore, Plaintiff seeks the injunctive relief requested above.

## II.SECOND CAUSE OF ACTION: VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 32 above and incorporates them herein as if separately pled.

34. Defendant Peralta and Does 1 to 5 are each a government agency existing under the laws of the State of California with responsibility for operating the Business and its facilities. Plaintiff is informed and believes and thereon alleges that defendant Peralta and Does 1 to 5, and each

of them, has been a recipient of federal financial assistance and that part of that financial assistance was and is used to fund the construction and alteration and operations of the subject buildings and other functions and activities which take place within such buildings.

35. By reason of their actions and inactions in failing to make the programs and services and activities accessible to disabled persons, despite actual notice, defendants have acted with deliberate indifference and have intentionally discriminated against Plaintiff, thereby violating his rights under §504 of the Rehabilitation Act of 1973, 29 USC 794, and the regulations promulgated thereunder.

36. Plaintiff has a need to, and intends to, return to the Business and facilities complained of herein and will do so when they are accessible. Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff and other similarly disabled persons who have cause to visit the Business and its facilities will suffer irreparable injury by the depravation of inaccessible facilities and other public facilities in the Business.

37. Plaintiff requests that an injunction be ordered requiring that Peralta make all such facilities herein described accessible to and usable by disabled persons and modify its policies and practices to ensure that plaintiff and other disabled persons like him are not denied the use of the Business' facilities or denied the benefit of its "programs, services, and activities" because of disability.

38. Plaintiff requests appropriate damages, litigation costs and expenses, and reasonable attorney's fees as required by law.

39. WHEREFORE, Plaintiff prays that this court grant relief as requested herein below.

## III. THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA'S CIVIL RIGHTS ACTS (California Civil Code §§51(f), 52, 54, 54.1 and 54.3)

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 39 above and incorporates them herein as if separately pled.

41. The public facilities above-described constitute publicly available government facilities and public accommodations to which members of the public are invited. The aforementioned acts and omissions of defendants, and each of them, constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including Plaintiff. Said acts and omissions are in violation of the provisions of Title 24 of the California Code of Regulations.

42. The rights of Plaintiff, the entitlement of Plaintiff to full and equal access, and the denial by defendants of such rights and entitlements are set forth in California Civil Code §§51(f), 52, 54, 54.1 and 54.3, to wit:

a. Civil Code Section 51(f): "A violation of the rights of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this Section."

b. Individuals with disabilities shall have the same right as the ...general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. (California Civil Code §54(a).)

c. Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. (California Civil Code §54.1(a).)

43. On or about the Visit Dates, Plaintiff suffered violations of California Civil Code §§54, 54(f), and 54.1 in that he was denied full and equal enjoyment of the goods, services, facilities and privileges of the Business as set forth in herein above. Plaintiff was also denied full and equal access to other particulars, including, but not limited to, those described herein above. Plaintiff

was also denied use of facilities that he was entitled to under Title II of the Americans with Disabilities Act of 1990.

44. As a result of the denial of full and equal enjoyment of the goods, services, facilities and privileges of Defendants' Business due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining this subject Business as a public facility, Plaintiff has suffered a violation of his civil rights, including, but not limited to, rights under California Civil Code §§54, 54(f), 54.1, and 54.3, and has suffered and will suffer an injury-in-fact in the form of emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a disabled person's denial of full and equal enjoyment of goods, services, and privileges, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff is disabled.

45. Plaintiff seeks damages for the violation of his rights as a disabled person that occurred on or about the Visit Dates, according to proof, pursuant to California Civil Code §54.3, including a trebling of all statutory and actual damages, both general and special, available pursuant to California Civil Code §54.3(a).

46. As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce provisions of the law protecting the full and equal enjoyment of goods, services, facilities, privileges of public facilities by the disabled, and those individuals associated with or accompanied by a person with disabilities, and prohibiting discrimination against the disabled. Plaintiff, therefore, seeks recovery in this lawsuit for all reasonable attorneys' fees incurred pursuant to the provisions of California Civil Code §55. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to compel the Defendants to make their goods, services, facilities and privileges available and accessible to all members of the public with physical disabilities, justifying public interest attorneys' fees pursuant to the provisions of California Code of Civil Procedure §1021.5.

47. The acts and omissions of Defendants in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the Americans with Disabilities Act of 1990 and refusal to make remedial alterations to their facilities and other elements as hereinabove stated, after being notified by patrons before and after the time of Plaintiff's visit and injuries, on or about the Visit Dates, and all times prior thereto, with the knowledge that persons with disabilities would enter Defendants' premises, the reason given therefor, was an established policy, practice, and procedure of refusing and denying entry and/or use of facilities, thereby denying services to a person with disabilities and the companions thereor, evidence malice and oppression toward Plaintiff and other disabled persons.

48. Plaintiff has no adequate remedy at law, and will continue to suffer irreparable harm, as will other individuals similarly situated, unless the relief sought herein is granted. Therefore, Plaintiff seeks injunctive relief pursuant to California Civil Code §§ 51, 51(f), 52 and 55 and California Government Code §4450 to require Defendants to comply with federal and state access regulations.

49. As a result of defendants' continuing failure to provide for the full and equal enjoyment of goods, services, facilities and privileges of said Business as hereinabove described, Plaintiff has continually been denied his full and equal enjoyment of the subject Business facilities at the Business, as it would be a "futile gesture to attempt to patronize" said Business with the discriminatory policy in place as hereinabove described.

50. The acts and omissions of Defendants as complained of herein in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the Americans with Disabilities Act of 1990 and refusal to make remedial modifications and alterations to the architectural barriers as stated herein and in failing to establish practices, policies and procedures to allow safe access by persons who are disabled are continuing on a day-to-day basis to have the effect of wrongfully and willfully excluding Plaintiff and other members of the public who are disabled from full and equal enjoyment of the subject Business as hereinabove described. Such acts and omissions are the continuing cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an

inferior and second class citizen and serve to discriminate against him on the sole basis that he is disabled. Plaintiff is unable so long as such acts and omissions of defendants continue, to achieve full and equal enjoyment of the goods and services of said Business as described hereinabove. The acts of Defendants have legally caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

51. Wherefore, Plaintiff asks this court to preliminarily and permanently any continuing refusal by Defendants to permit entry to said Business and to serve Plaintiff or others similarly situated, and to require Defendants to comply forthwith with the applicable statutory requirements relating to the full and equal enjoyment of goods and services as described hereinabove for disabled persons. Such injunctive relief is provided by California Civil Code §55. Plaintiff further requests that the court award statutory costs and attorneys' fees to Plaintiff pursuant to California Civil Code §55 and California Code of Civil Procedure §I021.5, all as hereinafter prayed for.

52. WHEREFORE, Plaintiff prays for compensatory damages, reasonable attorneys' fees and costs of suit, as allowed by statute and according to proof.

## IV. FOURTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT (California Civil Code §51 and §51.5.)

53. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 52 above and incorporates them herein as if separately pled.

54. Defendant' acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of his disabilities, have been in violation of California Civil Code §§51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

55. California Civil Code §51 also provides that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

56. California Civil Code §51.5 also provides that "no business establishment of any kind whatsoever shall discriminate against, boycott, or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers."

57. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code §52, including a trebling of actual damages (defined by California Civil Code §52(h) to mean "special and general damages"), as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

58. WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

## V. FIFTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA GOVERNMENT CODE 11155, DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE FROM THE STATE

59. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 58 above and incorporates them herein as if separately pled.

60. On information and belief, the administration, supervision, and maintenance by Peralta of the Business and its facilities that are the subject of this action are funded, in part, by the State of California.

61. Defendant Peralta has failed to make its programs, services, and activities readily accessible to and usable by disabled persons in violation of California Government Code §11155 et seq. The relevant portion thereof states that "No Person in the State of California shall, on the basis

of ... disability ... be unlawfully denied the benefits of, or be unlawfully subject to discrimination under, any program or activity that is funded directly by the state or that receives financial assistance from the state. With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans with Disabilities Act of 1990 (42 USC 12132) and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions."

62. Plaintiff has no adequate remedy at law, and unless the requested relief is granted, plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to and accommodation within the subject Business and its facilities, and denied the benefits of its "programs, services, and activities" offered to the general public. Further, Plaintiff suffered damages, as set out herein, due to the violation of his civil rights when he tried to use the Business, according to proof. Because plaintiff seeks improvement of access for similarly situated disabled persons like himself, which will benefit a significant portion of the public, plaintiff seeks attorney's fees and costs under California Code of Civil Procedure §1021.5, as to this cause of action and as to all causes of action herein that seek injunctive relief.

63. WHEREFORE, Plaintiff seeks damages as set forth herein below.

## PRAYER FOR RELIEF

Plaintiff prays that this court award damages and provide relief as follows:

1. Grant injunctive relief requiring that Defendants establish a nondiscriminatory criteria policy, practice and procedure, with corresponding corrections to facilities, permitting entry into the subject Business in the City of Oakland, California, for the purpose of obtaining the goods and services accorded therein according to California Civil Code §§51, 51.5, 52, 54, 54.1, 54.3, and

55, et seq., and Title II of the Americans with Disabilities Act of 1990, and grant injunctive relief requiring that Defendants repair and render safe to disabled persons, and otherwise make accessible, all public areas of the Business' facilities, including, but not limited to, each of the barriers to access identified herein above, and make such facilities "readily accessible to and usable by individuals with disabilities" according to the standards of Title 24 of the California Administrative Code, California Health & Safety Code §19955 ef seq., and Title II of the Americans with Disabilities Act of 1990 and the standards of ADAAG; and prohibiting operation of the Business located in the City of Oakland, California, as a public facility until Defendants provide full and equal enjoyment of goods and services as described hereinabove to disabled persons, including Plaintiff.

2. General damages according to proof.
3. Statutory and "actual" damages, including general damages and special damages, according to proof, pursuant to California Civil Code §§52, and 54.3, and that these damages be trebled.
4. Prejudgment interest on all compensatory damages;
5. Remedies and Procedures available under Americans with Disabilities Act of 1990.
6. Award Plaintiff all litigation expenses, all costs of this proceeding and a reasonable attorneys' fees as provided by law, including, but not limited to, those recoverable pursuant to the provisions of California Civil Code §§52, 54.3, and 55, California Code of Civil Procedure §1021.5, and Americans with Disabilities Act of 1990 Title II; and
7. Grant such other and further relief as the court may deem just and proper.

________________________

Richard A. Mac Bride, Attorney for Plaintiff

Date: March 31, 2013

REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

________________________

Richard A. Mac Bride, Attorney for Plaintiff. Date: March 31, 2013

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL FILED APR 02 2013 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

EMMANUEL TRIL
Plaintiff (s)
v.
LANEY COLLEGE ET AL
Defendant(s).

**C 13-01464 LB**
**SCHEDULING ORDER FOR CASES ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT TITLE II & III (42 U.S.C. §§ 12131- 89)**

**IT IS HEREBY ORDERED that this action is assigned to the Honorable Laurel Beeler. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this Order and the assigned judge's pertinent Standing Orders. This case is otherwise exempt from Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.**

**IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.**

**CASE SCHEDULE**

| Date | Event | Rule(s) |
|---|---|---|
| 4/2/2013 | Complaint filed | |
| 6/3/2013 | Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline | General Order 56; Civil Local Rule 7-11 |
| 7 days before Joint Site Inspection | Last day for parties to complete initial disclosures, including defendant's disclosure re: construction or alteration history of subject premises | FRCivP 26(a); General Order 56 ¶2; |
| 7/16/2013 | Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement | General Order 56 ¶3,4; |
| 28 business days after Joint Site Inspection | Last day for parties to meet and confer in person to discuss settlement | General Order 56 ¶4; |
| 42 days after Joint Site Inspection | Last day for plaintiff to file "Notice of Need for Mediation" | General Order 56 ¶7; |

| | | |
|---|---|---|
| **7 calendar days after mediation** | **Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference** | **General Order 56 ¶8; Civil Local Rule 7-11** |

rev. 6/12